# Alabama Great Southern Railroad Co. *v.* Queen City Electric Light Co.

## *Trial of the Right of Property.*

1. *Claim bond; when satisfied as to the forthcoming of the property.*—If an attachment is sued out and levied on 471 tons of pig iron, and a claim is interposed to try the right of property, and the claimant gives bond and takes possession of the property levied on; and if a judgment is rendered in the claim suit for the plaintiff condemning 58 tons of pig iron, and it is impossible to iaentify the particular iron mentioned in the judgment, the condition of the claim bond is satisfied, so far as it required the forthcoming of the property, by the return to the sheriff of 58 tons of pig iron from the iron levied on and claimed.

2. *Same; not satisfied without payment of damages assessed and costs.*—The delivery to the sheriff by a claimant of the property claimed, after judgment against the claimant, does not satisfy the terms of the claim bond and prevent its forfeiture; the damages assessed, if any, and the costs must be paid; but if the property is returned, execution must issue for such damages and costs only.—Code, Sec. 4144.

[Alabama Great Southern Railroad Co. v. Queen City Electric Light Co.]

3. *Claim suit; execution in, for what amount issued.*—If in an attachment suit with which a suit to try the right of property is connected, judgment is rendered for a certain amount against the defendant, and judgment is also rendered against the claimant, and the value is assessed of the property claimed and condemned, it is error to issue execution in the claim suit for an amount greater than the judgment against the defendant in attachment with interest and costs—no damages being assessed—and if execution issue for a greater amount supersedeas will lie.

APPEAL from the City Court of Gadsden.

Tried before Hon. JOHN H. DISQUE.

The Queen City Electric Light Company brought suit by attachment against the Etowah Furnace Company. The writ of attachment was levied on 471 tons of pig iron as the property of the Furnace Company. The property was claimed by the Alabama Great Southern Railroad Company, who gave bond and took possession of the same. Judgment was rendered against the Furnace Company for $125.16, and condemning 58 tons of the pig iron levied on, to its satisfaction. Judgment was also rendered against the claimant that 58 tons of pig iron was subject to the attachment, and that its value was $464.00. Meantime suits had been brought in detinue against the bondsman of the claimant, who had the iron in possession, and a part of it recovered by the plaintiff in said suits. The claimant returned the remainder, being 269 tons, to the sheriff before the expiration of thirty days after judgment against it. Whether or not the costs were paid is not settled. The claim bond was returned forfeited by the sheriff, and execution was issued thereon for the assessed value of the property, instead of for the amount of the judgment against the defendant in attachment. The claimant sued out writ of supersedeas. Demurrer was interposed to the petition for supersedeas, and was sustained by the court. Reversed on appeal from that judgment.

A. E. GOODHUE, for appellant, cited, 91 Ala. 379; Cordamon v. Malone, 63 Ala. 556; Cole v. Connelly, 16 Ala. 271.

BURNETT & CULLI, *contra*, cited, *Henderson v. Bank
of Montgomery*, 11 Ala. 358; *Rhodes v. Smith*, 66 Ala.
179; *Figh v. Blue*, 4 Ala. 279; *DeLoach v. Robbins*, 102
Ala. 294; *Thompson v. Lassiter*, 86 Ala. 540.

SHARPE, J.—By the judgment rendered in the claim
suit only fifty-eight tons of the iron for which the claim
bond was given was found liable to the appellee's at-
tachment. The claim bond had no relation to other at-
tachments that may have been levied on the property,
and the obligation of the bond was to have forthcoming
the property found liable to the appellee's attachment
alone. No description is given in the judgment of the
iron so found liable, and it was impossible for the ap-
pellant, as it is impossible for the court to identify the
particular iron mentioned in the judgment as distin-
guishable from other iron mentioned in the bond.

The obligation so far as it relates to the delivery of
property was sufficiently performed in the delivery to
the sheriff within thirty days from the judgment of iron
to the amount of fifty-eight tons out of the iron men-
tioned in the bond. The delivery in excess of that
amount was probably on account of other attachments
levied upon the same property, but such excess is not
here involved.

If the claimant or its sureties made proper delivery
to the sheriff of the property condemned and covered by
their bond then the condition of the bond so far as *it*
required the forthcoming of property was satisfied and
that fact is sufficiently shown by the petition. The de-
livery of property, however, did not prevent the forfeit-
ure of the bond without performance also of its further
stipulation for the payment of costs.

The statute provides that if the property be not de-
livered and the costs of the trial paid within thirty
days the officer must indorse the bond forfeited and
"execution must issue thereon against the obligors in
the bond for the amount of the plaintiff's judgment if
that be less than the assessed value of the property or
for the assessed value if that is not greater than the
amount of the judgment and also for the damages if any

[Mallon v. Moog.]

were assessed and the costs of the trial of the right of property. And in the event the claimant delivers the property and fails to pay damages and costs within thirty days, execution must issue for such damages and costs only."—Code, § 4144. No damages having been assessed in this case the costs should have been paid by the claimant or its sureties and if they were not paid the bond was subject to forfeiture, and execution might properly have issued against the obligors for costs alone. The petition does not aver with particularity the payment of costs but it does aver in general terms that petitioners "have complied with the obligations resting upon them as obligors in said bonds." If it be held that such averment was too general as relating to payment of costs still the petition was not subject to the demurrer. The execution here issued was for an amount largely in excess of petitioner's liability and ought therefore to be superseded. The judgment which the appellee obtained against the Furnace Company in the attachment suit was for $125.16. The damages being assessed in the claim suit the execution should not have exceeded that sum besides interest and costs, even if there had been no delivery of property. It appears to have been issued for $464, the assessed value of the fifty-eight tons of iron, which, as we have seen by the statute, is to be done only when the property is not delivered and when the assessed value is not greater than the amount of the judgment.

The judgment sustaining the demurrer must be reversed and the cause will be remanded.